# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV-14-316-R |
| JUDY OLIVER; RYLAND OLIVER LEGUS HARJO, and JACKIE RACKLEY, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The Court conducted a non-jury trial of this matter on June 29, 2015. The Court advised counsel the matter would be taken under advisement by the Court. Having considered the evidence and argument presented, the Court makes the following findings and conclusions:

1. On August 7, 2012, Legus Harjo was driving a 2001 Dodge Durango owned by July Oliver and Ryland C. Oliver on Highway 66 near the Town of Wellston, Oklahoma, when he hit the rear of a vehicle driven by Jackie Rackley.

2. As a result of the accident, on March 11, 2013, Jackie Rackley filed a lawsuit against Legus Harjo in the District Court of Lincoln County, Case No. CJ-2013-38, for injuries she claims she sustained in that accident.

3. At the time of the accident, the Olivers' vehicle was covered by Safeco Insurance Company of America automobile liability insurance policy No. X5410599 ("the Policy").

4. The Policy, in its Insuring Agreement, Part A - Liability Coverage, at C, defines "Insured" to include:

> Any person using your covered auto with your express or implied permission. The actual use must be within the scope of that permission.

See [Doc 1-1] at page 36 of 104.[1]

5. About two weeks prior to August 7, 2012, the Olivers, of Norman, Oklahoma, entrusted their 2001 Dodge Durango to their mechanic, Josh Harjo, Legus Harjo's adult son, so that Josh Harjo could make repairs to the vehicle for them and to possibly sell it. At the time, Josh was living in Harrah, Oklahoma with his parents. Josh came to Norman to pick up the Dodge Durango.

6. Judy Oliver granted Josh Harjo permission to make repairs to the vehicle and to attempt to sell it.

7. Without the knowledge or permission of the Olivers, Legus Harjo, who is not a mechanic and did not work with Josh Harjo, was driving the vehicle and was involved in an accident on his way home from work, while Josh Harjo was out of state.

8. Josh Harjo did not know his father Legus was working fifty miles from home and that he would be driving the vehicle 100 miles that day.

9. Josh Harjo admits he had not received express permission to let his dad drive the Durango to and from Drumright, Oklahoma, a distance of 100 miles.

---

[1] "[Y]ou" and "your" refer to . . . the "named insured" shown in the Declarations." Policy, p. 1. Judy and Ry

10. The Olivers never spoke with Legus Harjo and gave him no express permission to drive the vehicle.

11. The Olivers gave Josh Harjo permission to let people test drive the vehicle for purposes of sale. The Olivers did not give Josh Harjo permission to allow his father, who was not a mechanic, did not work with Josh Harjo and was entirely foreign to the Olivers, to drive the vehicle for purposes of assisting Josh Harjo in determining the cause of the mechanical problems.

12. While Mrs. Oliver granted permission for Josh Harjo to allow test drives, she did not give permission for test drives of unreasonable duration or for what amounted to personal use.

13. 100 miles round trip is an unreasonable duration for a test drive.

14. The evidence of numerous personal items in the vehicle at the time of the accident supports the fact that the Harjos were using the car for personal use as opposed to the use granted by Mrs. Oliver.

15. Legus Harjo's use of the vehicle at the time of the accident was a material deviation from the scope of permission given by Judy Oliver to Josh Harjo.

## **CONCLUSIONS OF LAW**

1. There exists an actual and justiciable controversy among the parties pursuant to Title 28 U.S.C. § 2201, *et seq.*, regarding whether the Safeco Policy provides liability coverage for Legus Harjo's accident in the minimum statutory limit of $25,000.00 per person or up to the amount stated in the declarations page of $100,000.00 per person and, therefore,

this Court is vested with the powers to adjudicate the rights, duties, obligations and legal relationships between the parties.

2. Safeco has the burden of proving Legus Harjo's use of the vehicle exceeded or was a material deviation from the scope of permission granted by Judy Oliver to Josh Harjo.

3. The Policy issued by Safeco Insurance Company of America provides liability insurance coverage to an "insured," who is any person using Judy Oliver or Ryland C. Oliver's 2001 Dodge Durango with the Olivers' express or implied permission if the actual use of the vehicle was within the scope of that permission.

4. Oklahoma law resolves disputes over non-compulsory omnibus liability coverage for negligent operators of motor vehicles under the minor-deviation rule, whereby coverage over compulsory minimum limits is defeated where there is proof that the deviation from the scope of permission was material in nature. *O'Neill v. Long*, 54 P.3d 109, 115 (Okla. 2002).

5. If the deviation from the scope of permission granted is material, only the minimum financial responsibility liability limit of $25,000.00 would be available from the Safeco Policy for Legus Harjo's accident.

6. If the deviation from the scope of permission granted is minor, the full $100,000.00 per person Policy limit of the Safeco Policy would be available for Legus Harjo's accident.

7. At the time of the accident, Legus Harjo was driving the 2001 Dodge Durango alone on his way home from his place of employment at OG&E in Drumright, Oklahoma, which was a 100-mile round trip, and the use by Legus was without the knowledge or permission of the vehicle owners. Such use of the vehicle by Legus Harjo at the time of the

accident was a material deviation from the express or implied scope of permission granted by the vehicle owners to Josh Harjo and any implied permission given to Legus Harjo by virtue of the circumstances.

8. Defendants relied in part on certain exclusionary language in the Policy as a basis for coverage. However, Defendant Legus Harjo was not an Insured as defined by the Policy. Therefore, the Court need not consider the exclusion.[2]

9. The liability coverage provided by the Safeco Policy to Legus Harjo under the facts and circumstances of the subject accident is limited to the statutory per person minimum of $25,000.00 pursuant to Oklahoma case law and Oklahoma's Compulsory Insurance Law, 47 O.S. §7-324(b)(2).

Judgment shall be entered in favor of the Plaintiff, Safeco Insurance Company.

IT IS SO ORDERED this 30th day of June, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] We do not provide Liability Coverage for. . .
    **Any Insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.
The Policy, p. 4, ¶ 9. The referenced to "lawful possession" and any theory that Josh Harjo had lawful possession is irrelevant to the outcome herein.